IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| CHIP HUNT AND REPUBLICAN PARTY OF TEXAS,<br>　　　*PLAINTIFFS*,<br>V.<br>STATE OF TEXAS AND JANE NELSON, IN HER OFFICIAL CAPACITY AS TEXAS SECRETARY OF STATE,<br>　　　*DEFENDANTS*. | CASE NO. 2:25-CV-00200-Z |

**STATE OF TEXAS'S REPLY TO SECRETARY OF STATE'S OPPOSITION TO MOTION FOR CONSENT JUDGMENT**

Now Comes Defendant state of Texas and files this its Reply to SOS's Opposition to Motion for Consent Judgment and in support thereof would show the following:

The Secretary makes several bold but unsupported allegations in her response to the Motion for Consent Judgment. Among these are that the State of Texas "colluded" with the Plaintiffs in an attempt to perpetuate a "fundamental assault on Article III." These allegations are not supported by even a scintilla of evidence. The Secretary believes that the rush to file may be such evidence, but she is mistaken.

The Plaintiffs and the State of Texas are and continue to be adverse. The laws of the State of Texas prevent the closed primary that Plaintiffs would prefer. These laws remain in force and enforceable. Nothing in the Motion for Consent Judgment implies anything other than adversity within the meaning of Article III of the U.S. Constitution. Once the Plaintiffs filed their case, Texas reviewed the complaint and agreed with the allegations contained therein. Simply put, the current primary election legal structure impairs the Plaintiffs' ability to freely associate with only the voters with whom they would like to associate. The complaint demonstrates that gamesmanship in the primary is not only possible, but that it does occur because of the State's open primary system. Because Texas agrees with Plaintiffs' allegations, it decided to ask for the Court to rule in that manner. No secret collusive cabal is at work here.

**Jurisdiction**

Texas takes no position on the Court's supposed lack of jurisdiction. The Plaintiffs will respond to the Motion to Dismiss with their jurisdictional arguments.

**Adversity**

There is and remains adversity between Plaintiffs and Texas. Texas law is contrary to Plaintiffs' right to freedom of association. This Defendant agrees that the law does impair Plaintiffs' rights in this regard. However, the law remains in effect pending a ruling to the contrary by this court. Article III does not require Defendant to continue to defend a position that it finds indefensible. *See* press release cited by SOS on page 9 of her opposition. Finding otherwise would require Defendant to take positions that it does not believe are correct under the law. Adversity does not require Defendant to continue to assert positions that it finds untenable.

The Article III requirement of adversity is satisfied when the government continues to enforce the challenged law absent relief from the court. *United States v. Windsor*, 570 U.S. 744, 759 (2013) (citing *Immig. and Naturalization Serv. v. Chadha*, 462 U.S. 919, 940, n.12 (1983)). Thus, Texas's commitment to not abandon enforcement underscores the adversity already present here. Texas has and will continue to enforce the law at issue unless and until Plaintiffs obtain declaratory judgment against it. Furthermore, the prudential considerations requiring "concrete adverseness which sharpens the presentation of issues" are satisfied by the Secretary's readiness to present a substantial argument for the law's constitutionality. *See id.* at 761 (explaining that the amici curiae's preparedness to "defend with vigor the constitutionality of the legislative act" was sufficient to "assure adversarial presentation of the issues" and satisfy prudential considerations.). Here, even though Texas agrees with the Plaintiffs' position, the Secretary does not. And her presence in this lawsuit satisfies attendant prudential considerations.

**Sovereign Immunity**

This Court has jurisdiction to enter the proposed judgment. The Eleventh Amendment "does not automatically destroy original jurisdiction." *Wisconsin Dept. of Corrections v. Schacht*, 524 U.S. 381, 389 (1998) (citing *Atascadero State Hospital v. Scanlon,* 473 U.S. 234, 241 (1985) & *Clark v. Barnard,* 108 U.S. 436, 447 (1883)). Instead, it does so only when a State asserts sovereign immunity as a defense. *Id.* If the State declines to assert the defense, a court can choose to ignore it. *Id.* (citing *Patsy v. Board of Regents of Fla.,* 457 U.S. 496, 515, n. 19 (1982)); *see also Meyers ex rel. Benzing v. Texas*, 410 F.3d 236, 245, (5th Cir. 2005) (explaining the *Schacht* Court's reasoning). Here, Texas does not raise the defense, so the Court need not evaluate its merits.

**Appropriateness of Judgment and application of Rule 54**

Local Rule 7.1(d)'s brief requirement does not apply to the Motion for Consent Judgment. The rule states that an "*opposed* motion must be accompanied by a brief that sets forth the moving party's contentions of fact and/or law." L.R. 7.1(d) (emphasis added). Subsection (h) reiterates that even where a brief is required for a specific type of motion, none is required in the case of an agreed motion. L.R. 7.1(h). The Joint Motion is unopposed because all parties to it agree on the relief sought. Therefore, Movants fully complied with the relevant local rules.

As shown above, Plaintiffs and this Defendant are and remain adverse. The law of Texas continues to impinge upon the Plaintiffs' freedom of association. There was no collusion between the parties prior to the filing of the lawsuit or since that time. Defendant simply read the Plaintiffs' arguments and agreed that Texas law needs to change to close the primaries to participants who do not agree with that party's political positions and who would significantly affect the party's ability to advocate for its viewpoints.

The freedom of association is an "indispensable means of preserving other individual liberties." *Roberts v. U.S. Jaycees*, 468 U.S. 609, 618 (1984). The First Amendment guarantees the right to associate with others for the purpose of furthering other First Amendment rights— speech, assembly, petition for the redress of grievances, and the exercise of religion. *Id.* And the

right to associate includes a right not to associate. *Boy Scouts of Am. v. Dale*, 530 U.S. 640, 648 (2000). In other words, the government does not get to pick your friends.

"A 'regulation that forces the group to accept members it does not desire'" unconstitutionally burdens this freedom. *Id.* (quoting *Roberts*, 468 U.S. at 623). "The forced inclusion of an unwanted person in a group infringes the group's freedom of expressive association if the presence of that person affects in a significant way the group's ability to advocate public or private viewpoints." *Id.* (quoting *New York State Club Assn., Inc. v. City of New York,* 487 U.S. 1, 13 (1988) (internal quotation marks omitted). And although the freedom of association is not absolute, it cannot be overcome unless the government can show "compelling state interests, unrelated to the suppression of ideas, that cannot be achieved through means significantly less restrictive of associational freedoms." *Id.* (citing *Roberts*, 468 U.S. at 623) (internal quotation marks omitted).

To qualify for a freedom of association claim, a group must engage in "expressive association," meaning it "engage[s] in some form of expression, whether public or private." *Id.* Next, the group must show whether the forced inclusion of individuals the group wishes to exclude would significantly affect the group's ability to advocate for its viewpoints. *Id.* at 650.

Here, Plaintiffs claim Texas's open primaries law unconstitutionally burdens their freedom to choose with whom to associate. Texas agrees. The Republican Party should have the freedom to disqualify individuals from voting in Republican primaries when those individuals choose not to align themselves with the Party's values by registering as a Republican. Plaintiffs have stated a meritorious claim, and Texas's agreement with Plaintiffs' position on this Motion for Consent Judgment does not destroy adversity or render the Motion improper in any way. Texas should not be forced to argue a position it does not hold to preserve the appearance of more adversity.

The remaining arguments by the Secretary regarding the substantive First Amendment claims will be answered by Plaintiffs. Simply put Texas does not agree with the Secretary and believes that Plaintiffs' rights are violated by the current primary laws. That is sufficient adversity to support the consent judgment.

It is axiomatic that one party to litigation cannot "preclude other parties from settling their own disputes." *Lawyer v. Dep't of Just.*, 521 U.S. 567, 579 (1997) (quoting *Firefighters v. Cleveland*, 478 U.S. 501, 528–529 (1986)) (internal quotation marks omitted). Secretary Nelson does not have the power to block a consent decree simply by refusing to consent. *See id.*

Likewise, Defendant agrees that a settlement agreement like this one cannot impose duties on a nonconsenting party or dispose of her claims, and the Motion for Consent Judgment would do no such thing. *Id.*

The proposed judgment reflects the positions of the Plaintiffs and this Defendant only. The case will continue and this proposed judgment will be carried along with it. The court is free to modify the judgment however it deems fit until a final judgment disposing of all parties and all claims is entered at the conclusion of the litigation.

Texas agrees that Federal Rule of Civil Procedure 54(b) applies in this case. The Court can make an interim ruling that the legal regime requiring open primaries is a violation of Plaintiffs' right to freedom of association now and finalize that ruling after the Secretary makes whatever legal moves she believes are necessary.

| | |
|---|---|
| Dated: November 20, 2025 | Respectfully submitted. |
| **KEN PAXTON**<br>Attorney General | **RYAN G. KERCHER**<br>Chief, Special Litigation<br>Attorney-in-Charge<br>Texas Bar No. 24060998 |
| **BRENT WEBSTER**<br>First Assistant Attorney General | /s/ *Keith Ingram*<br>**BRIAN KEITH INGRAM**<br>Special Counsel<br>Texas Bar No. 00793177 |
| **RALPH MOLINA**<br>Deputy First Assistant Attorney General | |
| **RYAN D. WALTERS**<br>Deputy Attorney General for Legal Strategy | **OFFICE OF THE ATTORNEY GENERAL OF TEXAS**<br>Special Litigation Division<br>P.O. Box 12548, Capitol Station<br>Austin, Texas 78711-2548<br>Tel.: (512) 788-3771<br>ryan.kercher@oag.texas.gov<br>keith.ingram@oag.texas.gov |
| | **COUNSEL FOR STATE OF TEXAS** |

## CERTIFICATE OF SERVICE

I certify that a true and accurate copy of the foregoing document was filed electronically (via CM/ECF) on November 20, 2025 and that all counsel of record were served by CM/ECF.

/s/ *Keith Ingram*
**BRIAN KEITH INGRAM**

6