UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| CHIP HUNT; REPUBLICAN PARTY OF TEXAS,<br><br>*Plaintiffs*,<br><br>v.<br><br>STATE OF TEXAS; JANE NELSON, in her official capacity as Texas Secretary of State,<br><br>*Defendants*. | Civil Action No. 2:25-cv-200 |

**PLAINTIFFS' REPLY IN SUPPORT OF
THE JOINT MOTION FOR CONSENT JUDGMENT**

## TABLE OF CONTENTS

INTRODUCTION ............................................................................................................................. 1
ARGUMENT ................................................................................................................................... 1
    I.    The Court has Jurisdiction to Enter the Judgment. ............................................................ 1
        A.    Plaintiffs Have Standing, and This Case is Ripe. ......................................... 1
        B.    The Judgment Satisfies Article III's Adversity Requirement. ..................... 2
        C.    The Secretary and Her Private Counsel May Not Raise the State's Sovereign Immunity to Bar the Judgment. ..................................................................... 3
    II.    Movants are Entitled to Partial Final Judgment. ............................................................... 3
        A.    Movants' Unopposed Motion Does Not Waive the Requested Relief. ....................... 3
        B.    The Proposed Judgment Is Not Unlawful, Unreasonable, or Inequitable ................. 4
        C.    Plaintiffs and the State are Entitled to Partial Final Judgment Under Rule 54(b). .... 9
CONCLUSION ............................................................................................................................... 10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Armstrong v. Exceptional Child Ctr., Inc.*,
   575 U.S. 320 (2015)..................................................................................................7

*Charalambopoulos v. Grammer*,
   2016 WL 5942225 (N.D. Tex. Oct. 13, 2016).........................................................3

*Grimes v. Santander Consumer USA*,
   2023 WL 5022276 (N.D. Tex. July 13, 2023).........................................................3

*Guardian Flight, L.L.C. v. Health Care Serv. Corp.*,
   140 F.4th 271 (5th Cir. 2025) ..................................................................................7

*Harris Cnty. v. MERSCORP, Inc.*,
   791 F.3d 545 (5th Cir. 2015) ...................................................................................7

*Interface Printers, LLC v. BGF Global, LLC*,
   2017 WL 4049240 (N.D. Tex. Aug. 28, 2017).........................................................3

*Kasper v. Bd. of Election Comm'rs*,
   814 F.2d 332 (7th Cir. 1987) ...................................................................................6

*Lawyer v. Dep't of Justice*,
   521 U.S. 567 (1997)........................................................................................1, 4, 5, 7

*Loc. No. 93, Int'l Ass'n of Firefighters, AFL-CIO C.L.C. v. City of Cleveland*,
   478 U.S. 501 (1986)..................................................................................................8

*Merrill v. Milligan*,
   142 S. Ct. 879 (2022)................................................................................................9

*Nieman v. City of Dallas*,
   2016 WL 470235 (N.D. Tex. Feb. 8, 2016).............................................................3

*PG Publ'g Co. v. Aichele*,
   705 F.3d 91 (3d Cir. 2013).......................................................................................6

*Pool v. City of Houston*,
   87 F.4th 733 (5th Cir. 2023) ....................................................................................2

*Purcell v. Gonzalez*,
   549 U.S. 1 (2006)......................................................................................................9

*Republican Nat'l Comm. v. Democratic Nat'l Comm.*,
    589 U.S. 423 (2020) ................................................................................................................ 9

*S.E.C. v. Americrude, Inc.*,
    2020 WL 2850987 (N.D. Tex. June 2, 2020) ........................................................................ 4

*St. Charles Tower, Inc. v. Kurtz*,
    643 F.3d 264 (8th Cir. 2011) .................................................................................................. 6

*Terrazas v. Clements*,
    581 F. Supp. 1319 (N.D. Tex. 1983) ...................................................................................... 5

*Thomas v. EMC Mortg. Corp.*,
    499 F. App'x 337 (5th Cir. 2012) ........................................................................................... 7

*United States v. Armour & Co.*,
    402 U.S. 673 (1971) ................................................................................................................ 5

*United States v. City of Jackson*,
    519 F.2d 1147 (5th Cir. 1975) ................................................................................. 1, 4, 5, 6, 7

*United States v. City of Miami, Fla.*,
    614 F.2d 1322 (5th Cir. 1980) ................................................................................................ 5

*United States v. Johnson*,
    319 U.S. 302 (1943) ............................................................................................................ 7, 8

*United States v. City of Miami, Fla.*,
    664 F.2d 435 (5th Cir. 1981) ............................................................................................. 5, 6

*United States v. Texas*,
    566 F. Supp. 3d 605 (W.D. Tex. 2021) .................................................................................. 7

*United States v. Windsor*,
    570 U.S. 744 (2013) ................................................................................................................ 2

**Rules**

Fed.R.Civ.P. 54(b) ........................................................................................................................ 3, 9

**Other Authorities**

Aditya Bamzai & Samuel L. Bray, Debs *and the Federal Equity Jurisdiction*, 98
    Notre Dame L. Rev. 699 (2022) ............................................................................................ 7

Samuel L. Bray & Paul B. Miller, *Getting into Equity*, 97 Notre Dame L. Rev.
    1763 (2022) ............................................................................................................................. 7

U.S. Const. amend. I ....................................................................................................................... 6

U.S. Const. amend. XIV ............................................................................................................3

13 Wright & Miller, *Federal Practice & Procedure* § 3530 (3d ed.) .............................................2

**INTRODUCTION**

Secretary Nelson wants to force the State of Texas to defend its unconstitutional restrictions on Plaintiffs' associational rights. But neither she nor the out-of-state private lawyers she has hired represent the State of Texas in this case. The Attorney General does. And he has concluded that "Texas's open primaries law unconstitutionally burdens [Plaintiffs'] freedom to choose with whom to associate." ECF No. 39 at 4.

One party may not "preclude other parties from settling their own disputes." *Lawyer v. Dep't of Justice*, 521 U.S. 567, 578-79 (1997). Yet that's exactly what the Secretary seeks to do here. The State—through the Attorney General—after evaluating Plaintiffs' claim and determining that it is meritorious, sought to "avoid the risks as well as costs of full scale litigation" by means of a consent judgment. *United States v. City of Jackson*, 519 F.2d 1147, 1151-52 (5th Cir. 1975); *see generally* ECF No. 39.

Secretary Nelson raises a host of meritless objections to the consent judgment, but she is not a party to that proposed judgment and should not be heard to complain about it. Regardless, each of her attacks fails on the merits. This Court has jurisdiction, and the proposed judgment is "not unlawful, unreasonable, or inequitable." *Jackson*, 519 F.2d at 1151.

Plaintiffs respectfully request that the Court grant the joint motion.

**ARGUMENT**

**I.     The Court has Jurisdiction to Enter the Judgment.**

**A.     Plaintiffs Have Standing, and This Case is Ripe.**

Secretary Nelson's standing and ripeness arguments duplicate those in her motion to dismiss. *See* ECF No. 31 at 13-16; ECF No. 30-1 at 14-21. Rather than burden the Court with duplicative briefing, Plaintiffs incorporate by reference their response to Secretary Nelson's motion to dismiss. *See* Resp. to MTD at 6-13.

1

### B. The Judgment Satisfies Article III's Adversity Requirement.

Secretary Nelson's adversity argument fails because the State continues to enforce Texas's unconstitutional open-primary law. *See* ECF No. 31 at 16-18. Adversity sufficient for entry of judgment may not exist where a government actor both agrees that the challenged law is "unconstitutional" *and* "agree[s] that it 'would and could not enforce the [challenged] provisions.'" *Pool v. City of Houston*, 87 F.4th 733, 734 (5th Cir. 2023). But "even where the Government largely agrees with the opposing party on the merits of the controversy, there is sufficient adversariness and an adequate basis for [Article III] jurisdiction in the fact that the Government intend[s] to enforce the challenged law against the party." *United States v. Windsor*, 570 U.S. 744, 759 (2013) (cleaned up). That is the case here, as the State of Texas and its agents continue to enforce Texas's open-primary law. *See, e.g.*, ECF No. 39 at 2 ("Texas has and will continue to enforce the law at issue unless and until Plaintiffs obtain declaratory judgment against it."); ECF No. 31 at 25-26 (noting Secretary Nelson will "continue to follow state law regardless of" whether the Court enters the consent judgment).

This is thus an uncontroversial case for continued adversity. As a leading treatise explains: "Perhaps the easiest circumstances are those in which executive officials agree that a challenged law is invalid, but either persist in efforts to enforce the law or are unable to avert its consequences. In such cases, judicial decision is required if the plaintiff's asserted right is to be protected." 13 Wright & Miller, *Federal Practice & Procedure* § 3530 (3d ed.).

Secretary Nelson does not even acknowledge the standard the Supreme Court established in *Windsor*, much less argue she can satisfy it. She presents no argument that Texas and its agents have already ceased enforcing the challenged law. Indeed, if the State were refusing to enforce Texas's open-primary law, then the Republican Party of Texas would be perfectly happy to close its primary without a judicial ruling. But it is not.

2

    **C.    The Secretary and Her Private Counsel May Not Raise the State's Sovereign Immunity to Bar the Judgment.**

Secretary Nelson next challenges the proposed consent judgment on the theory that the "[t]he State of Texas is immune from suit under the Eleventh Amendment to the U.S. Constitution." ECF No. 31 at 18. But this argument fails for the same reason as the Secretary's motion to dismiss Plaintiffs' claims: (1) the Secretary cannot assert sovereign immunity on the State's behalf because she does not represent the State, and (2) this Court cannot *sua sponte* dismiss on sovereign immunity grounds where the State has not raised sovereign immunity as a defense and has instead affirmatively asked this Court to enter a judgment. *See* Resp. to MTD at 14-15. Again, rather than burden the Court with duplicative briefing on this issue, Plaintiffs incorporate by reference their response to Secretary Nelson's motion to dismiss. *See id.*

**II.    Movants are Entitled to Partial Final Judgment.**

    **A.    Movants' Unopposed Motion Does Not Waive the Requested Relief.**

The Secretary argues that Plaintiffs waived their right to enter into a consent judgment by failing to set forth in a brief the reasons why the Court should grant the judgment. ECF No. 31 at 20-21. The Court's local rules, however, expressly provide that parties need only file briefs with "opposed motion[s]," and that briefs are "not required with agreed motion[s.]" Local Rule 7.1. Here, the joint motion disposes only of Plaintiffs' claim against the State, not the Secretary, *see* ECF No. 27 at 1-2, so agreement among the Plaintiffs and the State (*i.e.*, the only parties implicated) should suffice.[1]

---

[1] The many cases not involving agreed motions cited by Secretary Nelson do not help her here. *See, e.g.*, *Interface Printers, LLC v. BGF Global, LLC*, 2017 WL 4049240, at *1 (N.D. Tex. Aug. 28, 2017) (addressing plaintiff's motion for default judgment in a case in which "Defendant failed to file a responsive pleading or otherwise defend the lawsuit"); *Grimes v. Santander Consumer USA*, 2023 WL 5022276, at *2, 5 n.6 (N.D. Tex. July 13, 2023) (granting in part defendant's opposed motion to dismiss, and explaining only that it is "ordinarily" and "generally" the requirement that parties set forth the legal standard in a brief); *Nieman v. City of Dallas*, 2016 WL 470235, at *3 (N.D. Tex. Feb. 8, 2016) (denying Rule 54(b) motion, which was not an agreed-upon motion); *Charalambopoulos v. Grammer*, 2016 WL 5942225, at *1 (N.D. Tex. Oct. 13, 2016) (addressing "oppose[d]" Rule 54(b) motion). Accordingly, no brief was required, and the Secretary's argument is without merit.

3

To be sure, the joint motion contains a certificate of conference indicating that counsel for the State conferred with counsel for Secretary Nelson before filing the motion and that the Secretary opposed the judgment. ECF No. 27 at 3. But this conference with a defendant who is not a party to the proposed judgment was undertaken out of an abundance of caution and as a courtesy, and it does not alter the standard for filing an agreed motion. Put simply, the Secretary cannot oppose a motion for a judgment that does not resolve Plaintiffs' claim against her. *See Lawyer*, 521 U.S. at 578-79.

In any event, the joint motion expressly relies upon the Complaint's allegations, *see* ECF No. 27 at 1-2, which fully explain why Texas's open-primary law is unconstitutional, *see* ECF No. 1 at 25-27. Of course, Plaintiffs' positions are also explained in Plaintiffs' response to Secretary Nelson's motion to dismiss. *See generally* Resp. to MTD. Secretary Nelson cannot credibly claim the Court is not informed regarding Plaintiffs' "contentions of fact and/or law." ECF No. 31 at 20.

For those reasons, the Secretary's waiver argument should fail. But if the Court disagrees, the proper solution (as the Secretary's own case law points out) is merely to deny the joint motion without prejudice and grant leave to refile it. *See S.E.C. v. Americrude, Inc.*, 2020 WL 2850987, at *2 (N.D. Tex. June 2, 2020).

### B. The Proposed Judgment Is Not Unlawful, Unreasonable, or Inequitable.

#### 1. Plaintiffs need not fully prove their claims to settle with the State.

Secretary Nelson vastly overstates a court's role in reviewing a consent decree. "A consent decree is in many respects a contract between the parties thereto. Although the court must approve a consent decree, in so doing it does not inquire into the precise legal rights of the respective parties, but only assures itself that there has been valid consent by the concerned parties and that the terms of the decree are not unlawful, unreasonable, or inequitable." *Jackson*, 519 F.2d at 1151 (citations omitted).

Instead of applying this standard, Secretary Nelson tries to avoid it. She attempts to distinguish *Jackson* on the theory that the "general rule gives way when litigants ask federal courts

to enter a consent judgment declaring state law unconstitutional." ECF No. 31 at 21. But that is not true in the Fifth Circuit. The Fifth Circuit applied the *Jackson* standard to a proposed consent decree stemming out of both constitutional and statutory challenges to a governmental defendant's practices. *See United States v. City of Miami, Fla.*, 614 F.2d 1322, 1326, 1330 (5th Cir. 1980) (relying on *Jackson* and noting challenges included claim brought under "the Fourteenth Amendment to the Constitution of the United States").[2] And this Court has applied *Jackson* to a consent decree concerning the constitutionality of redistricting maps. *See Terrazas v. Clements*, 581 F. Supp. 1319, 1323 (N.D. Tex. 1983) ("At the same time, reviewing a consent decree does not contemplate fully adjudicating the merits. The inquiry does not focus on the precise legal rights of the parties." (citation omitted)). Secretary Nelson does not cite a single Fifth Circuit case applying her proposed rule. Her reliance on out-of-circuit, non-binding authority is unavailing. *See* ECF No. 31 at 21-23.

Secretary Nelson's fundamental complaint appears to be that Plaintiffs have not fully proven the merits of their case yet. *See* ECF No. 31 at 22 (asserting "Movants have not proven the predicate constitutional violation"). That is simply an objection to pre-trial settlements in general, not this consent decree in particular. In a consent decree, "[t]he parties waive their right to litigate the issues involved in the case and thus save themselves the time, expense, and inevitable risk of litigation." *United States v. Armour & Co.*, 402 U.S. 673, 681 (1971); *see Jackson*, 519 F.2d at 1151-52. If, as the Secretary proposes, parties must always fully litigate all factual and legal issues, then consent decrees would serve no purpose. Perhaps Secretary Nelson embraces a *per se* rule

---

[2] This case was subsequently reheard en banc, but the en banc court did not vacate the panel opinion, *see* 625 F.2d 1310 (5th Cir. 1980), or "arrive at a majority consensus as to reasoning and result in this case," 664 F.2d 435, 436 (5th Cir. 1981) (en banc) (per curiam). Separate opinions garnering twelve votes continued to rely on the *Jackson*. *See* 664 F.2d at 440 (en banc) (Rubin, J., concurring) ("Whether complete or partial, the agreement of the parties is not equivalent to a judicial decision on the merits. It is not the result of a judicial determination after the annealment of the adversary process and a judge's reflection about the ultimate merits of conflicting claims."); *id.* at 460 (Johnson, J., concurring in part and dissenting in part) ("In this Circuit the standard of review for challenges to a consent decree involving third parties is whether the decree is unlawful, unreasonable or inequitable.").

against consent decrees, *see* ECF No. 31 at 21, but that is not the current state of the law. The Secretary may not "demand an adjudication that the State of [Texas], represented by the attorney general, could indeed have demanded, but instead waived." *Lawyer*, 521 U.S. at 580 (citation omitted).

Finally, Secretary Nelson's assertion that "parties cannot circumvent *valid* state laws by way of a consent decree," *PG Publ'g Co. v. Aichele*, 705 F.3d 91, 116 (3d Cir. 2013) (emphasis added), assumes that Texas's law is *valid*. As the Secretary's own cases make clear, federal courts have almost universally recognized the power to enter consent judgments "overriding state law . . . where there exists a federal constitutional . . . violation." *Id.* (cleaned up); *see St. Charles Tower, Inc. v. Kurtz*, 643 F.3d 264, 270 (8th Cir. 2011) (explaining that if a "consent judgment's remedy is necessary to rectify a violation of federal law, the district court can approve a consent decree which overrides state law provisions" (cleaned up)). And here the Attorney General representing the State has determined that Texas's open-primary law is inconsistent with the First Amendment.

### 2. The proposed judgment is reasonable.

A court "approv[ing] a consent decree . . . does not inquire into the precise legal rights of the respective parties, but only assures itself that there has been valid consent by the concerned parties and that the terms of the decree are not unlawful, unreasonable, or inequitable." *Jackson*, 519 F.2d at 1151 (citation omitted). A court should ensure a consent decree "does not put the court's sanction on and power behind a decree that violates Constitution, statute, or jurisprudence," *United States v. City of Miami, Fla.*, 664 F.2d 435, 441 (5th Cir. 1981) (en banc) (Rubin, J., concurring), but the Secretary does not argue that the consent decree itself would be unconstitutional.

Instead, Secretary Nelson argues that Plaintiffs' challenge to Texas's open-primary law should fail on the merits. *See* ECF No. 31 at 23-24 (challenging Plaintiffs' cause of action). But even the out-of-circuit authority cited by the Secretary confirms that failure to state a claim is not a basis for rejecting a consent decree. *See Kasper v. Bd. of Election Comm'rs*, 814 F.2d 332, 342 (7th Cir. 1987) (explaining that "deficiencies," such as failure to "state a claim under § 1983,"

6

"need not prevent entry of a decree," because it is the "agreement of the parties, rather than the force of the law on which the complaint was originally based, that creates the obligations embodied in a consent decree" (citation omitted)). After all, the Secretary's argument does not go to the legality of the requested remedy, but rather to the merits of Plaintiffs' claims, which courts need not adjudicate before entering a consent judgment. *See Lawyer*, 521 U.S. at 580; *Jackson*, 519 F.2d at 1151.[3]

In any event, Secretary Nelson is wrong to focus on "a cause of action against the State of Texas." ECF No. 31 at 23. Plaintiffs seek equitable relief, *see* ECF No. 1 at 28, and "equity, strictly speaking, does not have a cause of action in either sense" of the term. Samuel L. Bray & Paul B. Miller, *Getting into Equity*, 97 Notre Dame L. Rev. 1763, 1770 (2022); *see* Aditya Bamzai & Samuel L. Bray, Debs *and the Federal Equity Jurisdiction*, 98 Notre Dame L. Rev. 699, 704 (2022) ("[E]quity lacks 'causes of action[.]'"). But to use the Secretary's terminology, equity recognizes a cause of action "to sue to enjoin unconstitutional actions by state and federal officers," *Armstrong v. Exceptional Child Ctr., Inc.*, 575 U.S. 320, 327 (2015), including in a suit against a sovereign itself, *see United States v. Texas*, 566 F. Supp. 3d 605, 644 (W.D. Tex. 2021) ("It is the essential nature of equity that it is not subject to strict limitations, unless and until Congress acts directly to restrict it.").

Finally, even if Secretary Nelson were right, she is not the proper party to raise the issue. She does not represent the State and cannot raise arguments on the State's behalf just because she disagrees with the Attorney General's litigation decisions.

---

[3] The Secretary cites cases not involving consent decrees, but they are not relevant in this context. *See, e.g.*, *Guardian Flight, L.L.C. v. Health Care Serv. Corp.*, 140 F.4th 271, 279 n.10 (5th Cir. 2025) (holding that the "district court did not abuse its discretion in denying Plaintiffs' request for leave to amend," in part because the plaintiffs had no cause of action under the No Surprises Act); *Harris Cnty. v. MERSCORP, Inc.*, 791 F.3d 545, 552 (5th Cir. 2015) (affirming dismissal of claim for declaratory relief on basis that plaintiffs had no private right of action to bring that claim); *Thomas v. EMC Mortg. Corp.*, 499 F. App'x 337, 343 n.15 (5th Cir. 2012) (explaining that the district court properly dismissed claims at summary judgment where the plaintiff lacked a cause of action).

### 3. Secretary Nelson's speculation about "collusion" is not a basis for denying the motion.

The Secretary's argument that the proposed judgment is the product of collusion is wholly conclusory and without merit. Consent judgments are collusive where they arise between parties who have no adverse interests. *See United States v. Johnson*, 319 U.S. 302, 305 (1943). But in this case, the parties are adverse. *See supra* Part I.B. And unlike in *Johnson*, there is nothing here to suggest that this is a "friendly suit," brought by Plaintiffs who have "dominated the conduct of the suit." *Id.* at 304 (explaining that in that case, unlike here, the suit was brought in a "fictitious name," at the defendant's request, by a plaintiff that did not even "read the complaint" or "employ, pay, or even meet" with his attorney).

The Secretary's supposed "hallmarks of collusion" amount to nothing more than disagreement with the Attorney General's decision not to defend an unconstitutional state law. ECF No. 31 at 24. Secretary Nelson's suggestion that this Court should allow her to conduct a fishing expedition into the Attorney General's motive for disagreeing with her, *id.* at 25, is baseless. The only case she cites has nothing to do with supposed collusion, much less an effort to question the motives behind an attorney's litigation decisions. *See Loc. No. 93, Int'l Ass'n of Firefighters, AFL-CIO C.L.C. v. City of Cleveland*, 478 U.S. 501, 528 (1986).

### 4. The proposed judgment is fair.

The proposed consent judgment is fair because it does not purport to dispose of Plaintiffs' claim against the Secretary. *See* ECF No. 27 (seeking to resolve Plaintiffs' claim against the State rather than the Secretary). Secretary Nelson tries to prevent Plaintiffs and the State from resolving the claims between themselves based on concern that a declaration against the State would inherently bind the Secretary as well. *See* ECF No. 31 at 26. But that has nothing to do with this consent decree. Secretary Nelson apparently dislikes the idea that she might be bound by a judgment against the State of Texas regardless of whether it results from the Attorney General's consent or a full trial on the merits. She would face the exact same possibility regardless of whether she was named as a defendant. That is, however, a consequence of the Legislature's decision to

have the Attorney General, and not the Secretary of State, represent the State of Texas in litigation. *See* Resp. to MTD at 14. It is not something the Court or the parties need to resolve at this stage. It is enough for the Court to make clear it is imposing no obligations on the Secretary beyond those that would attach by virtue of any judgment against the State of Texas.

> C. **Plaintiffs and the State are Entitled to Partial Final Judgment Under Rule 54(b).**

"[T]here is no just reason for delay" under Federal Rule of Civil Procedure 54(b). Secretary Nelson's only argument for delay rests on a misunderstanding of the *Purcell* principle. *See* ECF No. 31 at 26-29. A declaratory judgment does not order the defendant to do anything, much less something that would disrupt an ongoing election. The Secretary tries to bridge this gap by suggesting a declaratory judgment could be enforced through subsequent injunctive relief. *See id.* at 28. But if anyone tried to seek injunctive relief that would disrupt the election, the Court could easily apply *Purcell* at that stage.

Secretary Nelson contends that "*Purcell* itself" applied to all "[c]ourt orders affecting elections," *id.*, but *Purcell* addressed the considerations "to weigh" when "[f]aced with an application to enjoin operation of voter identification procedures just weeks before an election," *Purcell v. Gonzalez*, 549 U.S. 1, 4 (2006) (per curiam). It applies to injunctions, not declarations. *See, e.g.*, *Merrill v. Milligan*, 142 S. Ct. 879, 882 (2022) (Kavanaugh, J., concurring in grant of stay application) (noting the Supreme Court's "many precedents applying the *Purcell* principle and staying lower court *injunctions*" (emphasis added)). That is because only injunctions, and not declaratory judgments, can themselves "*alter* the election rules on the eve of an election." *Republican Nat'l Comm. v. Democratic Nat'l Comm.*, 589 U.S. 423, 424 (2020) (emphasis added).

The motion does not seek any relief that will itself alter Texas's election rules for the 2026 primary. *Purcell* is therefore irrelevant. Even if the Court disagreed, that would support only staying the effect of an order granting the motion through the March 2026 primary, not denying the motion altogether.

9

## CONCLUSION

Plaintiffs respectfully request that the Court grant Plaintiffs' and the State of Texas's joint motion for entry of consent judgment.

Dated: November 26, 2025

C. Eric Vickers
Tex. Bar No. 24118577
Vickers Law Firm, LLC
600 S. Tyler St., Suite 2100
Amarillo, Texas 79101
Tel 806.414.0966
Fax 806.414.0966

Respectfully submitted,

/s/ *William T. Thompson*
William T. Thompson
Tex. Bar No. 24088531
Lehotsky Keller Cohn LLP
7500 Rialto Blvd, Suite 1-250
Austin, TX 78735
(512) 693-8350
will@lkcfirm.com

Mark M. Rothrock*
Lehotsky Keller Cohn LLP
8513 Caldbeck Drive
Raleigh, NC 27615

*Admitted pro hac vice*

*Attorneys for Plaintiffs*

10

## CERTIFICATE OF SERVICE

    I certify that a true and accurate copy of the foregoing document was filed electronically (via CM/ECF) on November 26, 2025, and that all counsel of record were served by CM/ECF.

                                              /s/ *William T. Thompson*
                                              William T. Thompson