IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| CHIP HUNT, *et al.*, | |
| Plaintiffs, | |
| v. | 2:25-CV-200-Z |
| THE STATE OF TEXAS, *et al.*, | |
| Defendants. | |

**ORDER**

Before the Court is Defendant Secretary of State Jane Nelson's Motion for Leave to File a Sur-Reply ("Motion"), filed December 9, 2025. ECF No. 44. Defendant Nelson states that Plaintiff Chip Hunt, Plaintiff Republican Party of Texas, and Defendant State of Texas's Joint Motion for Entry of Consent Judgment (together, the "Movants") certified that she would "in all likelihood . . . be opposed" to the motion. ECF Nos. 44 at 2, 27 at 3. However, Defendant Nelson contends that those parties "neglected to provide a supporting memorandum arguing why the motion should be granted under the governing legal framework." "Without that opening memorandum," Defendant Nelson was without "notice of the various arguments the [Movants] would eventually raise in their replies." ECF No. 44 at 2. Because "[a]ll arguments in the replies are new," Defendant Nelson believes the Court either "need not consider [the arguments] when deciding the motion" or "should grant the Secretary leave to file a sur-reply so she can meaningfully respond." *Id.*

The State of Texas does not oppose the Motion, but Plaintiffs Chip Hunt and the Republican Party of Texas are partially opposed. *Id.* Specifically, Plaintiffs Hunt and the Republican Party of Texas "oppose the Secretary filing anything longer than a four-page sur-reply because they believe that the combined length of the Secretary's sur-reply and the

Secretary's response in opposition . . . should not exceed 25 pages." *Id.* Defendant Nelson, by contrast, requests leave to file an eight-page sur-reply. *Id.*

"Sur-replies are highly disfavored and permitted only in very limited circumstances." *Fed. Trade Comm'n v. Match Grp., Inc.*, No. 3:19-CV-2281, 2022 WL 877107, at *13 (N.D. Tex. Mar. 24, 2022). The Northern District of Texas's Local Civil Rules do not permit them. *See* LOC. CIV. R. 7.1 (motion practice limited to a response and a reply). However, a court may permit a sur-reply if the nonmovant's reply asserts new legal theories or evidence. *Fed. Trade Comm'n*, 2022 WL 877107, at *13. But "leave to file a sur-reply is not justified if the proposed sur-reply is simply a restatement of the arguments made in the party's response." *Id.* Whether to grant leave to file a sur-reply lies in the "district court's discretion." *Ga. Firefighters' Pension Fund v. Anadarko Petroleum Corp.*, 99 F.4th 770, 774 (5th Cir. 2024).

Here, Defendant Nelson's arguments warrant a sur-reply. Although the Movants "maintain their view that the motion for consent judgment is unopposed and thus they did not need to file an opening memorandum," the Court notes that a *joint* motion is not necessarily an *unopposed* motion. ECF No. 44 at 2. This case is illustrative. While the Movants themselves were certainly unopposed to the relief sought, the Movants alone do not speak for all parties in the instant case.

Accordingly, the Motion is **GRANTED**. The Court **ORDERS Defendant Nelson to file a sur-reply, not to exceed eight pages, within one week of the date of this Order.**

**SO ORDERED.**

December 10, 2025

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE