**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**AMARILLO DIVISION**

| | |
|---|---|
| CHIP HUNT; REPUBLICAN PARTY OF TEXAS,<br><br>    *Plaintiffs*,<br><br>v.<br><br>STATE OF TEXAS; JANE NELSON, in her official capacity as Texas Secretary of State,<br><br>    *Defendants*. | Civil Action No. 2:25-cv-200 |

## PLAINTIFFS' OPPOSITION TO MOTION FOR LEAVE TO FILE AMICUS BRIEF

Proposed Amicus Lori L. Gallagher ("Ms. Gallagher") sought leave to file an amicus brief more than five months after briefing closed on the pending motion to dismiss and motion for entry of a consent judgment. *See* ECF No. 51. Plaintiffs appreciate Ms. Gallagher's interest in this case and would not oppose granting her leave to file an amicus brief in connection with a future motion, when Plaintiffs would have a chance to respond to her arguments.[1]

At this time, however, it would be inappropriate to consider Ms. Gallagher's untimely arguments. Ms. Gallagher intends to raise arguments "not fully advanced by any party." *Id.* at 2. Because briefing on the pending motions is closed, Plaintiffs would be prejudiced by having no opportunity to respond.

As Plaintiffs have already pointed out with regard to a separate motion for leave, *see* ECF No. 53, inability to respond to amicus arguments is a serious problem. The Federal Rules of Appellate Procedure require potential amici to file "no later than 7 days after the principal brief of the party being supported is filed." Fed. R. App. P. 29(a)(6). That gives the other party "sufficient

---

[1] Although Ms. Gallagher contacted Plaintiffs' counsel regarding her intention to file an amicus brief in this case, she filed her motion for leave before Plaintiffs' counsel had an opportunity to respond indicating their position. *See* N.D. Tex. L.R. 7.1 (a), (b).

time to review arguments made by the amicus and address them in the party's responsive pleading." *Id.* advisory committee's note to 1998 amendment. Although Rule 29 does not bind this Court, the "timeliness" concern that "undergird[s] Rule 29" does "not appear to be any less important in the district court than in the court of appeals." *United States v. Olis*, No. CIV.A. H-07-3295, 2008 WL 620520, at *8 (S.D. Tex. Mar. 3, 2008) (denying leave to file an amicus brief); *see U.S. ex rel. Gudur v. Deloitte Consulting LLP*, 512 F. Supp. 2d 920, 928-29 (S.D. Tex. 2007) (same).

Accordingly, Plaintiffs respectfully request that the Court deny the motion for leave to file an amicus brief without prejudice to consideration of any future amicus briefs at a time when Plaintiffs will be able to respond.

Dated: June 30, 2026

C. Eric Vickers
Tex. Bar No. 24118577
Vickers Law Firm, LLC
600 S. Tyler St., Suite 2100
Amarillo, Texas 79101
Tel 806.414.0966
Fax 806.414.0966

Respectfully submitted,

/s/ *William T. Thompson*
William T. Thompson
Tex. Bar No. 24088531
Lehotsky Keller Cohn LLP
408 W. 11th Street, 5th Floor
Austin, TX 78701
(512) 693-8350
will@lkcfirm.com

Mark M. Rothrock*
Lehotsky Keller Cohn LLP
8513 Caldbeck Drive
Raleigh, NC 27615

*Admitted pro hac vice*

*Attorneys for Plaintiffs*

2

## CERTIFICATE OF SERVICE

I certify that a true and accurate copy of the foregoing document was filed electronically (via CM/ECF) on June 30, 2026, and that all counsel of record were served by CM/ECF.

/s/ *William T. Thompson*
William T. Thompson