**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION**

CHIP HUNT; REPUBLICAN PARTY OF TEXAS,

    *Plaintiffs,*

v.

STATE OF TEXAS; JANE NELSON, in her
official capacity as Texas Secretary of State,

    *Defendants.*

Civil Action No. 2:25-cv-00200-Z

---

**PROPOSED DEFENDANT-INTERVENORS' MOTION TO INTERVENE**

Proposed Defendant-Intervenors Veterans for All Voters, S. Scott Shepherd, and Joshua Davis (collectively, the "Proposed Intervenors") respectfully move, under Federal Rule of Civil Procedure 24(a)(2), to intervene as defendants in this action to defend the constitutionality of the Texas open-primary statutes that Plaintiffs and the State of Texas ask this Court to declare unconstitutional. In the alternative, the Proposed Intervenors move for permissive intervention under Rule 24(b)(1)(B). In support, they show the following.

1. This case concerns the constitutionality of the Texas Election Code provisions that establish Texas's open primary. Plaintiffs seek a declaration that those provisions are unconstitutional as applied to the Republican Party of Texas and an injunction against the enforcement of certain sections of the Texas Election Code. Compl. ¶¶ 84, 90–91. Plaintiffs and the State of Texas—the latter appearing through the Attorney General—have jointly moved for entry of a consent judgment granting that relief. ECF No. 27. Only Secretary of State Jane Nelson currently defends the statutes, and her service in that office is expected to end when she resigns on July 17, 2026—before this case will be resolved.

1

2.    The Proposed Intervenors have direct, substantial, and legally protectable interests. The individual Proposed Intervenors are Texas-veteran voters who vote in the Republican primary and would be excluded by the advance party-registration and certification regime Plaintiffs ask this Court to require. Veterans for All Voters is a nonpartisan 501(c)(3) organization and cross-partisan community of veterans whose members include such voters and whose voter-education and turnout programs are organized around the existing primary. App. 2–13 (Decls. of Shepherd, Davis, and Veterans for All Voters).

3.    Each requirement of Rule 24(a)(2) is satisfied, as set out in the accompanying Brief in Support. The motion is timely. The Proposed Intervenors moved promptly once their interest was placed at risk—when the State joined Plaintiffs in moving for a consent judgment against the statutes (ECF No. 27) and the sole defending party, Secretary Nelson, announced her departure—developments that first made existing representation inadequate. No discovery has occurred and no trial date is set, so no party is prejudiced by the timing. The Proposed Intervenors' interest in the open primary is the kind Rule 24 protects; a judgment entered without them would, as a practical matter, impair that interest; and no existing party adequately represents it, because the only defendant defending the statutes will leave office before the case is resolved.

4.    The individual Proposed Intervenors also satisfy Article III in their own right. Each is a registered Texas voter who participates in the Republican primary and would lose that opportunity under the relief Plaintiffs seek. Veterans for All Voters has associational standing through its member-intervenors and organizational standing through the diversion of its resources.

5.    As Rule 24(c) requires, this motion is accompanied by a pleading setting out the Proposed Intervenors' defense and claim: a Proposed Answer in Intervention and an independent

claim for a declaratory judgment that the challenged statutes are constitutional and that Texas voters may participate in the Republican primary without compelled advance registration or certification. The factual bases for standing are set out in the accompanying Appendix.

6.      The Proposed Intervenors have also filed, contemporaneously and separately, an Emergency Motion to Hold in Abeyance, or Defer Ruling on, the Joint Motion for Entry of Consent Judgment (ECF No. 27), so that the question of who may participate is decided before any judgment on the statutes is entered.

7.      The Court should grant permissive intervention under Rule 24(b)(1)(B). The Proposed Intervenors' defense focuses on the statutes' constitutionality, the case's central legal issue. Intervention will not unduly delay or prejudice the adjudication of the original parties' rights: no discovery has occurred, no trial date is set, the pending motions present purely legal questions, and the Court may impose conditions on the Proposed Intervenors' participation to prevent any delay.

### PRAYER FOR RELIEF

The Proposed Intervenors respectfully request that the Court: (1) grant the Proposed Intervenors leave to intervene as defendants—as of right under Rule 24(a)(2), or in the alternative by permission under Rule 24(b)(1)(B); (2) deem filed, or direct the Clerk to file, the accompanying Answer in Intervention and Independent Claim for Declaratory Judgment lodged with this Motion under Rule 24(c); (3) consider this Motion on an expedited basis, given the pending Joint Motion for Entry of Consent Judgment (ECF No. 27); and (4) grant such further relief as is just. A proposed order is submitted separately.

Respectfully submitted,

/s/ Alexander M. Clark
RYMAN CLARK PLLC
Alexander M. Clark
Texas Bar No. 24116204
3500 Oak Lawn Avenue, Suite 460
Dallas, Texas 75219
Tel: (214) 206-4921
aclark@rymanclark.com

***Counsel for Proposed Defendant-Intervenors Veterans for All Voters, S. Scott Shepherd, and Joshua Davis***

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule 7.1(a)–(b), on July 5, 2026, counsel for the Proposed Defendant-Intervenors conferred by email with counsel for all parties, requesting each party's position on this Motion to Intervene and on the contemporaneous Emergency Motion and asking for a response by the close of business on July 7, 2026. Counsel for Secretary of State Jane Nelson stated that the Secretary takes no position on the proposed intervention. No other party responded by the time of filing; as to those parties, the Proposed Defendant-Intervenors have conferred or attempted to confer and treat the motion as opposed.

## CERTIFICATE OF SERVICE

I certify that on July 8, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will serve a copy on all counsel of record.

/s/ Alexander M. Clark
Alexander M. Clark

4

5

## CERTIFICATE REGARDING JUDGE-SPECIFIC REQUIREMENTS

I, the undersigned attorney, hereby certify that I have read and will comply with all judge-specific requirements for Judge Matthew J. Kacsmaryk, United States District Judge for the Northern District of Texas.

I further certify that no portion of any filing in this case will be drafted by generative artificial intelligence or that any language drafted by generative artificial intelligence—including quotations, citations, paraphrased assertions, and legal analysis—has been checked for accuracy, using print reporters or traditional legal databases, by a human being (myself) before it was submitted to the Court. I understand that any attorney who signs any filing in this case will be held responsible for the contents thereof according to applicable rules of attorney discipline, regardless of whether generative artificial intelligence drafted any portion of that filing.

/s/ Alexander M. Clark
Alexander M. Clark