**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**AMARILLO DIVISION**

| | | |
|---|---|---|
| CHIP HUNT; REPUBLICAN PARTY OF TEXAS, | | |
| *Plaintiffs*, | | |
| v. | | Civil Action No. 2:25-cv-200 |
| STATE OF TEXAS; JANE NELSON, in her official capacity as Texas Secretary of State, | | |
| *Defendants*. | | |

## JOINT BRIEF

Pursuant to the Court's June 30, 2026, Briefing Order, the parties submit this joint brief addressing the effect of the 2026 Republican Party of Texas State Convention on the jurisdictional arguments previously raised in this case. *See* ECF No. 58.

The Secretary of State previously raised standing and ripeness arguments on the theory this case was "premature" because "it remain[ed] to be seen whether" Rule No. 46 would receive "approval from the Party at the June 2026 Convention." ECF No. 30-1 at 6-7; *see also* ECF No. 31 at 5-8. Plaintiffs disagreed with the Secretary's arguments. *See* ECF No. 41 at 6-13; ECF No. 40 at 1.

The Party has confirmed that, on June 12, 2026, the convention ratified Rule No. 46, as changed on June 14, 2025, by adopting the report of the Permanent Rules Committee without amendment to Rule No. 46. The report of the Permanent Rules Committee is publicly available,[1]

---

[1] Republican Party of Texas, Reports of the Permanent Rules, Platform and Resolutions, and Legislative Priorities Committees, https://convention.texasgop.org/wp-content/themes/hub-child/documents/convention-2026/2026-permanent-committee-report-full.pdf (showing Rule No. 46 on pages 49-50 of the combined document and pages 42-43 of the General Rules for All Conventions and Meetings).

1

as is a video of the proceedings during the June 12 general session.[2] The Republican Party of Texas is preparing a certified copy of the rules, including Rule No. 46, for filing with the Secretary of State, and will submit those to the Secretary on July 12, 2026. Tex. Elec. Code § 163.005(a)-(b).

**Ripeness**

**Secretary of State:** The Secretary of State agrees that the convention's ratification of Rule No. 46 resolves the Secretary's ripeness arguments insofar as they are predicated on the fact that the convention had not yet permanently adopted Rule No. 46. ECF No. 30-1 at 11. But because the text of Rule 46 is unchanged and provides no additional details about the scheme it seeks to implement, the Secretary maintains that the suit is not ripe: There is still no clarity "about how the Party's anticipated closed primary would operate." ECF No. 30-1 at 11-13. Accordingly, the Court should dismiss the action.

**Plaintiffs:** Secretary Nelson has abandoned her primary ripeness argument. As to the remaining ripeness argument, the Secretary appears to agree that the convention does not change anything. Plaintiffs therefore stand on their previous briefing. *See* ECF No. 41 at 10-13. The complaint more than sufficiently alleges how the Party will implement a closed primary. *See* ECF No. 1 ¶¶ 75-79.

**Standing**

The Secretary maintains that the convention's ratification of Rule No. 46 does not resolve the standing arguments raised in the motion to dismiss. ECF No. 30-1 at 7-11. "Unlike ripeness and mootness, standing is measured 'at the time of the action brought.'" *Gas Transmission Nw., LLC v. Fed. Energy Regul. Comm'n*, 157 F.4th 674, 695 (5th Cir. 2025) (quoting *Grupo Dataflux v. Atlas Glob. Grp.*, 541 U.S. 567, 570 (2004)). On the day the Party brought this action— September 4, 2025—it was uncertain whether the convention would adopt Rule No. 46 on a permanent basis, which rendered any asserted injury speculative, thus preventing Article III jurisdiction from attaching. *See* ECF No. 30-1 at 7-11. Although the June 2026 convention did

---

[2] Republican Party of Texas, General Session – 2026 RPT State Convention 6/12/26, https://www.youtube.com/watch?v=8NicFVdrku0.

ratify Rule No. 46, "[t]he party invoking the jurisdiction of the court cannot rely on events that unfolded after the filing of the complaint to establish its standing," *Kitty Hawk Aircargo, Inc. v. Chao*, 148 F.3d 453, 460 (5th Cir. 2005). For that reason, the Secretary's Article III standing arguments are unaffected by the events at the convention. *See also* ECF No. 30-1 at 7-8 (countenancing that, even if Rule 46 was adopted, it "cannot take effect until January 1, 2027" and so the Party lacks standing); ECF No. 31 at 1 (noting the Party "contemplated any changes operating, at the earliest, 'in 2028'"). Nor can an amended complaint under Rule 15 "be used to cure a jurisdictional defect" that existed "at the time the suit was filed." *Hernandez v. Smith*, 793 F. App'x 261, 265 (5th Cir. 2019) (collecting cases). For that reason, the only proper course of action is for the Court to dismiss this action for lack of subject-matter jurisdiction.

**Plaintiffs:** Secretary Nelson's standing arguments have always been wrong for the reasons previously briefed. *See* ECF No. 41 at 6-10. The convention's ratification of Rule No. 46 confirms that the Secretary was wrong to call Plaintiffs' injury speculative. *See Hargrave v. Vermont*, 340 F.3d 27, 34 & n.7 (2d Cir. 2003) (standing was not "too 'conjectural or hypothetical'" "at the time a suit was initially filed" "in light of" facts that occurred "after [the plaintiff] filed the instant action").

Even if there had been a standing problem, however, there certainly is not one now that the convention has ratified Rule No. 46. When a plaintiff initially fails to satisfy "a nonwaivable condition of jurisdiction," but later satisfies it, "[a] supplemental complaint in the District Court" can "eliminate[]" the "jurisdictional issue." *Mathews v. Diaz*, 426 U.S. 67, 75 (1976). Indeed, the Supreme Court had "little difficulty" concluding jurisdictional requirements were satisfied and "treat[ed] the pleadings as properly supplemented" when the plaintiff had not actually filed a supplemental complaint but the underlying fact was stipulated. *Id.* A "jurisdictional defect" can be "cured . . . after [the plaintiff] filed suit." *Positive Black Talk Inc. v. Cash Money Records, Inc.*, 394 F.3d 357, 365 (5th Cir. 2004), *abrogated on other grounds by Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154 (2010).

The ability to cure supposed jurisdictional defects through supplemental complaints is well established in other circuits as well. According to the Federal Circuit, "[t]he Supreme Court has confirmed that supplemental pleadings can be used to cure subject matter jurisdiction deficiencies." *Prasco, LLC v. Medicis Pharm. Corp.*, 537 F.3d 1329, 1337 (Fed. Cir. 2008). The Ninth Circuit agrees with "courts in other circuits . . . that parties may cure standing deficiencies through supplemental pleadings." *Northstar Fin. Advisors Inc. v. Schwab Investments*, 779 F.3d 1036, 1044 (9th Cir. 2015), *as amended on denial of reh'g and reh'g en banc* (Apr. 28, 2015). True, some precedent contains "the broad statement that 'subject matter jurisdiction must exist as of the time the action is commenced' and that a lack of subject-matter jurisdiction at the outset cannot be cured subsequently," but that rule "does not extend to supplemental pleadings filed pursuant to Fed.R.Civ.P. 15(d)." *Id.* at 1046.

Above, Secretary Nelson relies on the *Kitty Hawk* opinion, but it did not address a supplemental complaint. *Hernandez*, an unpublished opinion that does not bind this Court, seems to have considered situations in which a new plaintiff, who did not satisfy the statute of limitations, tries to swap in for a previous plaintiff who lacked standing. *See Hernandez v. Smith*, 793 F. App'x 261, 264 (5th Cir. 2019) ("Hernandez's claim therefore is time-barred unless she can point to some exception to the limitations period."). That has nothing to do with this case, in which proper plaintiffs seek prospective relief and face no statute-of-limitations issues.

Accordingly, Plaintiffs intend to file a motion to amend or supplement the complaint and allege that the convention ratified Rule No. 46. If the Court grants that motion, Plaintiffs respectfully suggest that the Court still rule on the remainder of the Secretary's motion to dismiss rather than treat it as moot. The ratification of Rule No. 46 and the related amendment of Plaintiff's complaint will not affect other issues the Secretary raised in her motion to dismiss. Re-briefing those same issues over again would inefficiently delay this case without serving any substantive purpose. "[D]efendants should not be required to file a new motion to dismiss simply because an amended pleading was introduced while their motion was pending." 6 Wright & Miller, *Federal Practice and Procedure* § 1476 (3d ed.). Plaintiffs likewise should not need to file another motion-

to-dismiss response. To the extent the Secretary's arguments continue to apply to Plaintiffs' "new pleading, the court simply may consider the motion as being addressed to the amended pleading." *Id.* As to the arguments that are not affected by the ratification of Rule No. 46, Plaintiffs stand on their previous briefing.

### Consent Judgment

The Secretary maintains that Rule 46's adoption bolsters the argument for denying entry of the proposed "consent judgment."  As indicated before, the Secretary "would gladly implement statutory changes to the State's primary election process."  ECF No. 31 at 1.  The Party's adoption of Rule 46 makes it likelier that the Legislature may adopt such changes in the upcoming legislative session beginning in just six months—which even Plaintiffs "strongly prefer."  In recent days, the Governor, the Lieutenant Governor, and the Speaker of the House have all expressed support for legislative action closing the primaries.  Accordingly, there remains "ample time for the Legislature to act before the 2028 election—without the need for collusive judgments incompatible with foundational justiciability rules."  ECF No. 31 at 1.

**Plaintiffs:** The Party stands on its previous briefing. Secretary Nelson cannot "force the State of Texas to defend its unconstitutional restrictions on Plaintiffs' associational rights." ECF No. 40 at 1.

**State of Texas:** The State likewise stands on its previous briefing and rejects Secretary Nelson's "unsupported allegations" that the State "colluded." ECF No. 39 at 1.

5

Dated: July 8, 2026                                    Respectfully submitted,

                                                       /s/ *William T. Thompson*
C. Eric Vickers                                        William T. Thompson
Tex. Bar No. 24118577                                  Tex. Bar No. 24088531
Vickers Law Firm, LLC                                  Lehotsky Keller Cohn LLP
600 S. Tyler St., Suite 2100                           408 W. 11th Street, 5th Floor
Amarillo, Texas 79101                                  Austin, TX 78701
Tel 806.414.0966                                       (512) 693-8350
Fax 806.414.0966                                       will@lkcfirm.com

                                                       Mark M. Rothrock*
                                                       Lehotsky Keller Cohn LLP
                                                       8513 Caldbeck Drive
                                                       Raleigh, NC 27615

                                                       **Admitted pro hac vice*

                              *Attorneys for Plaintiffs*


                                                       /s/ *Erin E. Murphy*
Thomas C. Riney                                        Erin E. Murphy (*pro hac vice*)
State Bar No. 16935100                                 James Y. Xi (*pro hac vice*)
C. Jason Fenton                                        Philip Hammersley (*pro hac vice*)
UNDERWOOD LAW FIRM, P.C.                               CLEMENT & MURPHY, PLLC
State Bar No. 24087505                                 706 Duke Street
P.O. Box 9158 (79105-9158)                             Alexandria, Virginia 22314
500 S. Taylor, Suite 1200                              Tel: (202) 742-8912
Amarillo, TX  79101                                    Fax: (703) 997-6207
Telephone: (806) 376-5613                              erin.murphy@clementmurphy.com
Facsimile: (806) 379-0316                              james.xi@clementmurphy.com
tom.riney@uwlaw.com                                    philip.hammersley@clementmurphy.com
jason.fenton@uwlaw.com


                    *Counsel for Defendant Secretary of State Nelson*

6

KEN PAXTON
Attorney General

BRENT WEBSTER
First Assistant Attorney General

RALPH MOLINA
Deputy First Assistant Attorney General

ROB FARQUHARSON
Deputy Attorney General for Legal Strategy

RYAN G. KERCHER
Chief, Special Litigation
Texas State Bar No. 24060998
ryan.kercher@oag.texas.gov

*/s/ Wade A. Johnson*
**WADE A. JOHNSON**
Deputy Chief, Special Litigation Division
Texas State Bar No. 24062197
wade.johnson@oag.texas.gov
**OFFICE OF THE ATTORNEY GENERAL OF TEXAS**
Special Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Telephone: (512) 463-9917
**COUNSEL FOR DEFENDANT, THE STATE OF TEXAS**

## CERTIFICATE OF SERVICE

I certify that a true and accurate copy of the foregoing document was filed electronically (via CM/ECF) on July 8, 2026, and that all counsel of record were served by CM/ECF.

/s/ *William T. Thompson*
William T. Thompson

7