IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

CHIP HUNT, *et al.*,

      Plaintiffs,

v.

THE STATE OF TEXAS, *et al.*,

      Defendants

2:25-CV-200-Z

**ORDER**

Before the Court is a Motion to Intervene ("Motion") filed by Veterans for All Voters ("VAV"), on July 8, 2026. ECF No. 62. For the reasons below, the Motion is **DENIED**.

**BACKGROUND**

On September 4, 2025, Plaintiffs filed this case challenging Texas's open primary election system, alleging it violates their First Amendment associational rights. ECF No. 1 at 2. On October 9, 2025, Plaintiffs filed a Motion for Entry of Consent Judgment with Defendant Texas. ECF No. 27. Defendant Secretary of State Jane Nelson ("Nelson") opposes the entry of consent judgment. ECF No. 31. Nelson also filed a Motion to Dismiss. ECF No. 30. Both motions are currently pending.

On May 21, 2026, Veterans for all Voters ("VAV") filed a Motion for Leave to File an Amicus Brief in support of Nelson. ECF No. 48. The Court granted that motion on June 30, 2026. ECF No. 56. Now VAV has filed a Motion to Intervene in this proceeding, along with S. Scott Shepherd and Joshua Davis (collectively, the "Proposed Intervenors"). ECF No. 62.

ANALYSIS

**I. Intervention as of Right**

Federal Rule of Civil Procedure 24(a)(2) governs intervention as of right. "On timely motion, the court must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." FED. R. CIV. P. 24(a)(2). In other words, to show a right to intervention, a movant must (1) make a timely motion; (2) show it has a protectable interest in the action; (3) show disposal of the action could impair its ability to protect its interest; and (4) show the existing parties do not adequately represent its interest. *See Louisiana v. Burgum*, 132 F.4th 918, 922 (5th Cir. 2025). Rule 24 is liberally construed in favor of intervention, but the movant bears the burden of establishing that the four elements are satisfied. *See Wal-Mart Stores, Inc. v. Texas Alcoholic Beverage Comm'n*, 834 F.3d 562, 565 (5th Cir. 2016).

The Court begins with the fourth element because it is dispositive. To show a right to intervene, the movant must show the existing parties do not adequately represent its interests. FED. R. CIV. P. 24(a)(2); *see Burgum*, 132 F.4th at 922. This requirement "is satisfied if the applicant shows that representation of his interest may be inadequate; and the burden of making that showing should be treated as minimal." *Trbovich v. United Mine Workers of Am.*, 404 U.S. 528, 538 n.10 (1972) (internal marks omitted). But a minimal burden is not *no* burden. The burden "cannot be treated as so minimal as to write the requirement completely out of the rule." *Bush v. Viterna*, 740 F.2d 350, 355 (5th Cir. 1984). Courts apply a presumption of adequacy when the proposed intervenor has the same ultimate objective as a party to the suit. *United States v. Franklin Par. Sch. Bd.*, 47 F.3d 755, 757 (5th

2

Cir. 1995). This presumption is only overcome if the proposed intervenor shows adversity of interest, collusion, or nonfeasance. *Id.*

The presumption of adequacy applies here because the Proposed Intervenors have the same ultimate objective as Nelson. Specifically, both Nelson and the Proposed Intervenors oppose the entry of a consent judgment, and presumably any other judgment in Plaintiffs' favor. *Compare* ECF No. 30 (Nelson's Motion to Dismiss Plaintiffs' Complaint), *and* ECF No. 31 (Nelson's Opposition to Consent Judgment), *with* ECF No. 62-1 (Proposed Intervenors' Motion to Intervene, outlining their position).

The Proposed Intervenors acknowledge they share an interest with Nelson. *See* ECF No. 62-1 at 5 ("Secretary of State Jane Nelson is the only defendant who continues to defend the statutes . . . ."). Instead of distinguishing their interests from Nelson's, they argue the Court should find Nelson does not adequately represent their interest because (1) she might resign her position as Secretary of State; and (2) she might be replaced by someone who declines to defend this lawsuit on the merits. ECF No. 62-1 at 6–7.

The Proposed Intervenors' argument is unpersuasive. Even if the Court lends credence to the Proposed Intervenors' speculative chain of events, Nelson is still an "*existing part[y]*" who "adequately represent[s]" the Proposed Intervenors' interests. FED. R. CIV. P. 23(a)(2) (emphasis added). In fact, Nelson filed a joint brief explaining and defending her positions—positions that are in line with the Proposed Intervenors'—*after this Motion to Intervene was filed. See* ECF No. 64. The Fifth Circuit has found a "future shift" in a party's litigation approach does not merit joinder as of right, even if the shift may be adverse to a potential intervenor's interest. *See Burgum*, 132 F.4th at 923 ("[A]lthough the secretarial order might lead to a future shift in [the party's] litigation approach that is adverse to [the proposed intervenor's] interest, that has not yet happened."). Here, that is all the Proposed

Intervenors can muster—speculation about a future shift in litigation strategy. *See* ECF No. 62-1 at 12 ("*[I]f* the Secretary [Nelson] leaves office, her successor is automatically substituted . . . and, given the Governor's public endorsement of closing the Republican primary, *may* decline to defend the statutes at all.") (emphases added). The Proposed Intervenors cite no law supporting the proposition that a would-be intervenor's speculation about a party's future litigation position is sufficient to support mandatory joinder. They instead support a different proposition: that courts grant intervention "*after*" a government defendant stops defending a challenged law. ECF No. 62-1 at 13 (emphasis added). But that has not happened here, so their argument misses the mark.[1]

Because the Proposed Intervenors have not shown adversity of interest, collusion, or nonfeasance, they cannot overcome the presumption that Nelson adequately represents their interests. *See Franklin Par. Sch. Bd.*, 47 F.3d at 757 (5th Cir. 1995). This precludes intervention as of right under Rule 24(a)(2).

## II. Permissive Intervention

The Proposed Intervenors ask, in the alternative, for permissive intervention. ECF No. 62-1 at 17. A court may "permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact" and files a timely motion. FED. R. CIV. P. 24(b)(1)(B). Permissive intervention is "wholly discretionary and may be denied even when the requirements of Rule 24(b) are satisfied." *Burgum*, 132 F.4th 918 at 923

---

[1] The Proposed Intervenors also suggest their interests may not be adequately represented "even while Secretary Nelson remains in office" because the State—a different Defendant—is not representing their interests. ECF No. 62-1 at 12. Of course, there can be no intervention as of right if *any* party adequately represents the intervenor's interest. FED. R. CIV. P. 24(a)(2). Because Nelson adequately represents the Proposed Intervenors' interest, their argument that the State does not is beside the point. To the extent the Proposed Intervenors mean to suggest *Nelson* cannot adequately represent their interests given the State's adversity, their argument fatally undercuts their timeliness argument. *See* ECF No. 62-1 at 8–10. Timeliness is an independent required factor for intervention. FED. R. CIV. P. 24(a).

(internal marks omitted). "In acting on a request for permissive intervention, it is proper to consider, among other things, whether the intervenors' interests are adequately represented by other parties and whether they will significantly contribute to full development of the underlying factual issues in the suit." *New Orleans Pub. Serv., Inc. v. United Gas Pipe Line Co.*, 732 F.2d 452, 472 (5th Cir. 1984) (internal marks omitted).

Here, as discussed above, the Proposed Intervenors' interests are adequately represented by Nelson. Moreover, this case seems to be a purely legal dispute that will not benefit from factual development by the Proposed Intervenors. And as to the development of legal arguments, Nelson (through her counsel) competently presents legal arguments that support the Proposed Intervenors' position. And more than that, one of the Proposed Intervenors itself has been granted leave to file an amicus brief *in this case*. *See* ECF No. 37 (granting VAV's Motion for Leave to File an Amicus Brief).[2] For these reasons, the Court declines to exercise its discretion to allow permissive joinder.

CONCLUSION

For the reasons above, the Proposed Intervenors' Motion (ECF No. 62) is **DENIED**. Further, because the Court denied the Motion to Intervene, the Emergency Motion to Defer Ruling on the Motion for Entry of Consent Judgment (ECF No. 63) is also **DENIED**. *See* ECF No. 63 ("[The Proposed Intervenors] ask only that the Court defer ruling on [the consent judgment motion] long enough to resolve the pending Motion to Intervene.").

**SO ORDERED.**

July 17, 2026.

 

_____
MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE

---

[2] VAV seems to think its Motion for Leave to File an Amicus Brief is still pending. *See* ECF No. 62-1 at 10. But the Court granted the Motion. ECF No. 56. The Court further ordered VAV to separately file its amicus brief. *Id.* VAV has not yet done so.