**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**AMARILLO DIVISION**

| | |
|---|---|
| CHIP HUNT; REPUBLICAN PARTY OF TEXAS,<br><br>*Plaintiffs*,<br><br>v.<br><br>STATE OF TEXAS; ROBERT S. HOWDEN,[1] in his official capacity as Texas Secretary of State,<br><br>*Defendants*. | Civil Action No. 2:25-cv-200 |

**PLAINTIFFS' MOTION FOR LEAVE TO FILE SUPPLEMENTAL COMPLAINT AND BRIEF IN SUPPORT**

Pursuant to Federal Rule of Civil Procedure 15(d), Plaintiffs Chip Hunt and the Republican Party of Texas (the "Party") move for leave to file a supplemental complaint. Because Plaintiffs' supplemental complaint sets forth allegations regarding events that took place after they initiated this action, all of which are directly connected to the

[1] Secretary of State Robert S. Howden assumed office from the former Secretary, Jane Nelson, on July 20, 2026. Because the Secretary has been sued in their official capacity, Secretary Howden is now properly substituted as a defendant in this case. *See, e.g.*, *Jimenez v. TDCJ-CID Director*, 2023 WL 8832827, at *5 (N.D. Tex. Nov. 28, 2023), *report and recommendation adopted by* 2023 WL 8851643 (N.D. Tex. Dec. 21, 2023); *see also* Fed. R. Civ. P. 25(d) ("An action does not abate when a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending. The officer's successor is automatically substituted as a party.").

allegations supporting Plaintiffs' claim in their original complaint, this Court should grant the motion.

**BACKGROUND**

Plaintiffs filed this action in September 2025. *See* Compl., ECF No. 1. At that time, the Party's State Executive Committee had adopted—on June 14, 2025—the following version of Rule 46:

> **Rule No. 46 – Closed Primaries**
> In Texas Republican Primary Elections and Texas Republican Primary Runoff Elections, only a United States citizen eligible to vote in Texas who is registered to vote with the Texas Secretary of State as a Republican may cast a ballot in those elections.[2]

Subsequently, the Secretary of State moved to dismiss, contending in part that Plaintiffs' claims were not ripe and that Plaintiffs lacked standing because, she said, the Party had not yet "adopted a permanent closed-primary rule." ECF No. 30-1 at 14. Plaintiffs responded in opposition, explaining that the Party had adopted both a permanent version of Rule 46, as well as the version set out above, which would become effective in January 2027 if the Party's delegates ratified it at the Party's biennial convention in June 2026. *See* ECF No. 41 at 7, 11. Briefing on the Secretary's motion to dismiss concluded in December 2025, *see* ECF No. 47, and that motion remains pending.

---

[2] Republican Party of Texas, *Rules of the Republican Party of Texas*, https://texasgop.org/wp-content/uploads/2026/07/RPT-General-Rules-As-Amended-2026-06-12.pdf (updated through the "State Convention on June 12, 2026 in Houston, Texas"); *see* Compl. ¶ 63.

From June 11–13, 2026, the Party held its biennial state convention. At that convention, the Party ratified the version of Rule 46 set out above by adopting the Report of the Permanent Rules Committee without amendment to Rule 46. Following the convention, this Court issued a briefing order requiring the parties to file a joint brief "addressing the effect of the Convention on the outstanding motions in this case." ECF No. 58 at 1. The parties complied with that order, filing a joint brief which explained that the Party had ratified Rule 46 at the biennial convention. *See* ECF No. 64 at 1-2. The Secretary, however, maintained her argument that Plaintiffs lack standing. *See id.* at 2-3. Plaintiffs responded that argument fails for all the reasons set out in their previous response to the Secretary's motion to dismiss. *See id.* at 3; ECF No. 41. But out of an abundance of caution, Plaintiffs also stated that they would file a supplemental complaint setting out allegations regarding the Party's ratification of Rule 46 at the convention. *See* ECF No. 64 at 3-5.

Plaintiffs now move for leave to file that supplemental complaint.

## ARGUMENT

This Court should grant Plaintiffs' motion for leave because Plaintiffs' supplemental complaint sets out only those facts which transpired after Plaintiffs initiated this action, and no factors weigh against supplementation here.

"Under Rule 15(d), the court may permit a party to file a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of

the pleading sought to be supplemented." *Burns v. Exxon Corp.*, 158 F.3d 336, 343 (5th Cir. 1998); *see* Fed. R. Civ. P. 15(d). "When determining whether to allow supplementation under Rule 15(d), a court must weigh several factors: (1) undue delay, bad faith or dilatory motive on part of the movant; (2) undue prejudice to the opposing party; and (3) futility." *Mangwiro v. Napolitano*, 939 F. Supp. 2d 639, 648 (N.D. Tex. 2013). "The decision of whether to grant a motion to supplement pursuant to Rule 15(d) is within the district court's sound discretion." *Id.*

Plaintiffs' supplemental complaint sets out allegations regarding only those events that occurred after they filed their original complaint. *See* Ex. A. Specifically, the supplemental complaint in substance alleges that (1) the Party held its biennial state convention in June 2026; (2) that the Party ratified Rule 46 at the convention; and (3) that Rule 46 will now become permanent on January 1, 2027. *See id.* ¶¶ 3-5. All of these events took place after September 2025, meaning they are properly set out in a supplemental complaint. *See* Fed. R. Civ. P. 15(d); *Burns*, 158 F.3d at 343.

None of the factors courts consider in determining whether to exercise their discretion to permit supplementation weigh against granting Plaintiffs' motion. Plaintiffs have filed this motion less than three months after the events alleged in their supplemental complaint and solely for the purpose of countering the Secretary's standing arguments in his pending motion to dismiss. Plaintiffs have thus exhibited no "undue delay" or "bad faith or dilatory motive." *Mangwiro*, 939 F. Supp. 2d at 648.

Supplementation will not unduly prejudice the Secretary. The Secretary has already acknowledged the facts alleged in the supplemental complaint and presented related arguments. *See* ECF No. 64 at 1-3. Indeed, in response to ratification, the Secretary initially proposed that the "proper course of action" was for Plaintiffs to "amend [their] complaint." *See* App'x at 4. Though that position has now changed, *see* ECF No. 64 at 2-3, the Secretary's initial position highlights the lack of prejudice. In any event, this Court may still rule on issues raised in the Secretary's motion to dismiss which are unaffected by the supplemental complaint rather than treating that motion as moot. *See id.* at 4; 6 Wright & Miller, *Federal Practice & Procedure* § 1476 (3d ed.).

Supplementation likewise is not futile. The Secretary's pending motion to dismiss is premised, in part, on the incorrect assertion that Plaintiffs lack standing because the Party has not yet "adopted a permanent closed-primary rule." ECF No. 30-1 at 14. Although Plaintiffs maintain they have always had standing, they seek leave to supplement their complaint because the events that have transpired since they initiated this case definitively resolve that issue. *See* Ex. A ¶¶ 3-5 (explaining that the Party has adopted a permanent version of Rule 46). And while the Secretary argues that "standing is measured at the time of the action brought," ECF No. 64 at 2 (citation omitted), the Supreme Court has explained that when a plaintiff fails to satisfy "a nonwaivable condition of jurisdiction," but later satisfies it, "[a] supplemental complaint in the District Court" can "eliminate[]" the "jurisdictional issue." *Mathews v. Diaz*, 426 U.S. 67, 75 (1976).

The Fifth Circuit and others have likewise recognized that a "jurisdictional defect" can be "cured . . . after [the plaintiff] filed suit." *Positive Black Talk Inc. v. Cash Money Records, Inc.*, 394 F.3d 357, 365 (5th Cir. 2004), *abrogated on other grounds by Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154 (2010); *see Northstar Fin. Advisors Inc. v. Schwab Investments*, 779 F.3d 1036, 1044 (9th Cir. 2015)*, as amended on denial of reh'g and reh'g en banc* (Apr. 28, 2015); *Prasco, LLC v. Medicis Pharm. Corp.*, 537 F.3d 1329, 1337 (Fed. Cir. 2008). The allegations in Plaintiffs' supplemental complaint defeat the Secretary's standing arguments. Thus, this factor also weighs in favor of granting Plaintiffs' motion.

**CONCLUSION**

Plaintiffs respectfully request that this Court grant their motion for leave to file the supplemental complaint attached as Exhibit A.

Dated: September 9, 2026

Respectfully submitted,

/s/ *William T. Thompson*
William T. Thompson
Tex. Bar No. 24088531
Lehotsky Cohn LLP
7500 Rialto Blvd., Ste. 1-250
Austin, TX 78735
Tel. (512) 693-8350
Fax. (512) 727-4755
will@lehotskycohn.com

Mark M. Rothrock*
NC Bar No. 56747
Lehotsky Cohn LLP
8513 Caldbeck Drive
Raleigh, NC 27615
Tel. (512) 693-8350
Fax. (512) 727-4755
mark@lehotskycohn.com

**Admitted pro hac vice*

C. Eric Vickers
Tex. Bar No. 24118577
Vickers Law Firm, LLC
600 S. Tyler St., Suite 2100
Amarillo, Texas 79101
Tel. 806.414.0966
Fax 806.414.0966
info@vickersfirm.com

*Attorneys for Plaintiffs*

**CERTIFICATE OF CONFERENCE**

I hereby certify that on September 2 and 8, 2026, I conferred with David Bryant, counsel for the State of Texas, who stated that they are unopposed to the relief requested in this motion. I further certify that on September 2 and 8, 2026, I conferred with James Xi and Phillip Hammersly, counsel for the Secretary of State, who stated that they are opposed to the relief requested in this motion. An agreement could not be reached on the requested relief for the reasons stated in ECF No. 64.

/s/ *William T. Thompson*
William T. Thompson

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was served upon all counsel of record on September 9, 2026, via the Court's CM/ECF system.

/s/ *William T. Thompson*
William T. Thompson